# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7825 | **DATE** | 6/13/2013 |
| **CASE TITLE** | Hungarian Kosher Foods, Inc. vs. Supermarket Equipment Sales, LLC, et al | | |

**DOCKET ENTRY TEXT**

Defendants' motion for sanctions [74] is granted and the case is dismissed with prejudice. The clerk is directed to terminate the case. Defendants may submit a fee petition by 7/2/2013.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff Hungarian Kosher Foods, Inc. ("Hungarian Kosher") brought a putative class action alleging receipt of an unsolicited fax advertisement against Supermarket Equipment Sales LLC; TB Auctions, Inc.; and various individual defendants (collectively, "Defendants"); in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, and state law. Defendants' original counsel died, and they were unrepresented for much of 2012. In February 2013, Defendants retained new counsel. Hungarian Kosher's counsel took months to provide the new defense counsel with its Rule 26(a) disclosures. At two status hearings in March 2013, defense counsel alerted the court to Hungarian Kosher's failure to provide Defendants with basic discovery or to respond to a settlement offer. At a status hearing held on April 2, 2013, the court ordered Hungarian Kosher to appear for a deposition pursuant to Federal Rule of Civil Procedure 30(b)(6) by May 17, 2013. The court's order indicated that discovery would close on June 3, 2013, and that Hungarian Kosher's amended motion for class certification was due June 1, 2013.

Defendants contend that, following the court's order, Hungarian Kosher failed to appear for its properly noticed deposition on two occasions, each time without providing any advance notice to defense counsel. In Defendants' motion for sanctions, defense counsel also details his numerous unsuccessful attempts to confer and coordinate with Hungarian Kosher's counsel about discovery matters by phone and email.

Defendants now ask the court to sanction Hungarian Kosher by dismissing this action. When a party designated under Rule 30(b)(6) fails to appear for a deposition, or when a party fails to comply with a discovery order, the court may impose any sanctions listed in Rule 37(b)(2)(A)(i)-(vi). Fed. R. Civ. P. 37(d)(1)(A)(I), (d)(3). Rule 37(b)(2)(A)(v) allows the court to dismiss the action. In order to dismiss a case as a sanction for discovery misconduct "the court must find that the party against whom sanctions are imposed displayed willfulness, bad faith or fault." *In re Golant*, 239 F.3d 931, 936 (7th Cir. 2001); *Patterson by Patterson v. Coca-Cola Bottling Co. Cairo-Sikeston, Inc.*, 852 F.2d 280, 285 (7th Cir. 1988) ("Despite the harshness of the sanctions . . . , federal [appellate] courts have consistently affirmed [dismissals] in the absence of a good excuse for the dilatory conduct."). A "district court is not required to fire a warning shot" before dismissing a case as a sanction for a pattern of delay. *Hal Commodity Cycles Mgmt. v. Kirsh*, 825 F.2d 1136, 1139 (7th Cir. 1987).

Hungarian Kosher's response concedes that Hungarian Kosher failed to appear at the two noticed depositions

**STATEMENT**

and that its failure to appear was improper. Hungarian Kosher's counsel represents that work on this case is divided between two firms, which apparently are not communicating with one another (even as to the preparation of the response to this motion). The attorney filing the response states that he was unaware that the depositions had been scheduled and missed until the motion for sanctions was filed, and that he cannot explain why Hungarian Kosher failed to appear at the depositions, because the other firm is in charge of discovery matters.

Rather than offering any justification for its failure to comply with the court's order, Hungarian Kosher's response argues that dismissal is a harsh sanction and is inappropriate here for several reasons. First, Hungarian Kosher contends that Defendants' counsel never followed up after noticing the depositions to confirm that the date and time was agreeable. And since the filing of the motion for sanctions, Defendants have declined to accept dates suggested by Hungarian Kosher because they prefer to wait until this motion is resolved. Finally, Hungarian Kosher argues that sanctions would be unjust because Defendants have not shown that they were harmed beyond the cost of paying court reporters to attend the deposition, and that the delay caused by Hungarian Kosher's conduct was minor.

The court concludes that Hungarian Kosher's conduct in failing to comply with its basic discovery responsibilities is egregious and unexplained. These actions display "willfulness, bad faith, or fault." *In re Golant*, 239 F.3d at 936. Moreover, since the filing of the motion for sanctions, Hungarian Kosher has missed yet another deadline set by this court: it has failed to file the motion for class certification due June 1, 2013. Hungarian Kosher has not requested an extension of the discovery cut-off or of the date to file the class certification motion. The court therefore dismisses the case with prejudice pursuant to Rule 37(b)(2)(A)(v).

Defendants also ask the court to award them fees and costs. Rule 37(b)(2)(C) provides that, when a party prevails on a motion for sanctions, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Hungarian Kosher does not respond to the demand for fees and costs, and the court agrees that they are necessary in this case. Defendants may submit a fee petition detailing the costs and fees incurred as a result of their attempts to schedule the deposition, preparation for the deposition, attendance at the deposition, and hiring of court reporters, as well as the costs incurred by bringing this motion. The court will order the firm responsible for conducting discovery on behalf of Hungarian Kosher, Anderson & Wanca, to pay Defendants' reasonable fees and costs.